IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HIPOLITO GARZA, JR.,

    Plaintiff,

vs.     Civ. No. 23-761 KK/SCY

BRAY FAST FREIGHT, LLC; and
MITCHELL L. GARLAND,

    Defendants.

## ORDER TO AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant Bray Fast Freight, LLC on September 7, 2023. Doc. 1. Defendant Bray Fast removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 5. The Court has a sua-sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v.*

*Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

Here, the notice of removal states that "Defendant Bray Fast Freight, LLC is an Arkansas limited liability corporation with its principal place of business in Arkansas." Doc. 1 ¶ 8. While a corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business, 28 U.S.C. § 1332(c), determining the citizenship of a limited liability company ("LLC") is different. An LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). The notice of removal fails to allege the citizenship of every LLC member.

Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires that,

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor:
> **(A)** when the action is filed in or removed to federal court, and
> **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Defendant Bray Fast has not filed such a disclosure statement, so the Court in unable to determine its citizenship.

Accordingly, the Court will give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d

468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Defendant Bray Fast Freight amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than September 25, 2023.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed, the Court may remand this action back to state district court.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

3