IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HIPOLITO GARZA JR.,

    Plaintiff

vs.                                                          Civ. No. 23-761 MLG/SCY

BRAY FAST FREIGHT, LLC,
and MITCHELL L. GARLAND,

    Defendants.

## ORDER GRANTING MOTIONS TO STAY DISCOVERY

Plaintiff Hipolito Garza alleges that, while he was driving a commercial tractor-trailer (owned by Intervenor L&R Freight) and was stopped for traffic, Mitchell Garland, who was also driving a commercial tractor-trailer (for his employer Bray Fast Freight), crashed into him. Presently before the Court is Defendants' motion for protective order and to stay, seeking a protective order as to certain depositions Plaintiff wishes to take as well as a stay of all discovery pending resolution of Defendants' motion to dismiss. Doc. 56. Also before the Court is Plaintiff's cross motion to compel depositions. Doc. 64. Given that resolution of the pending motion to dismiss will clarify what claims are at issue for discovery, the Court grants the motion to stay and denies the motion to compel.

## PROCEDURAL HISTORY

Plaintiff filed his complaint on July 27, 2023 in state court, Doc. 1-1, and Defendants removed it to federal court on September 7, 2023, Doc. 1. Plaintiff's complaint contains three counts: (1) negligent and punitive conduct of Defendant Garland; (2) vicarious liability of Defendant Bray Fast Freight; and (3) direct and punitive conduct of Defendant Bray Fast Freight. Doc. 1-1. Defendants moved to dismiss count three—the claim for direct negligent and punitive

conduct of Defendant Bray Fast Freight—asserting that the complaint fails to state a claim for either theory of negligent training or negligent supervision. Doc. 18. In response, Plaintiff filed an opposed motion to amend the complaint, seeking to add factual allegations to support his claim for negligent hiring, training, and supervision. Doc. 23. Both motions are fully briefed and set for a hearing before the presiding judge on July 24, 2024. Doc. 65.

On October 31, 2023, after the parties filed these motions, the Court held a scheduling conference. Doc. 27 At the conference, defense counsel explained that, because of the pending motions, discovery may be delayed as to the claim at issue in the motions. The Court entered a scheduling order, instructing the parties to "get started on discovery on topics that are not at issue in pending motions." *Id.* On April 4, 2024, Plaintiff requested the deposition of Defendant Bray Fast Freight's corporate representative and of Defendant Garland. Doc. 56-1. He provided the defense with a list of topics for the corporate representative's deposition, many of which relate to the claim of negligent hiring, supervision, and training. *Id.* at 2-9 (listing topics such as information and training materials provided to employees; policies and procedures in effect at the time of the collision; and driver hiring, retention, and selection). After Defendants objected, Plaintiff recrafted his list of topics; however, some topics related to negligent hiring, training, and supervision claims remained. Docs. 56-2, 56-3 (listing topics such as Garland's application and qualification as a driver; training, instruction, and experience Garland received while employed; Bray Fast Freight's review of Garland's driving record; and Garland's employment status). Relatedly, on April 16, 2024, Plaintiff noticed the deposition of Defendant Garland. Doc. 56-4.

In response to these depositions, Defendants filed a notice of non-appearance for Defendant Garland. Doc. 55. At the same time, they filed an "Emergency Expedited Motion for

Protective Order and to Stay Discovery Until After Court's Ruling on Motion to Dismiss." Doc. 56; *see also* Docs. 71 (response); Doc. 74 (reply). The Court denied the request to expedite this motion, instructing the parties to brief it on a regular schedule. Doc. 58. In response, Plaintiff filed an "Opposed Motion to Compel Depositions of Defendant Mitchell L. Garland and a Corporate Representative of Bray Fast Freight, LLC." Doc. 64; *see also* Doc. 72 (response); Doc. 80 (notice of completion of briefing indicating Plaintiff will not file a reply). These motions are fully briefed and ready for a decision.[1]

## ANALYSIS

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: forbidding the disclosure or discovery [or] specifying terms . . . for the disclosure or discovery." Further, "[d]iscovery and scheduling are matters within the district court's broad discretion." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

The Court finds that the interest of conservation of resources, both for the parties and the Court, will be best served by a stay of discovery. As Defendants point out, much of the discovery Plaintiff now seeks is related to a claim which is the subject of a motion to dismiss. The resolution of that motion, whether it is granted or denied, will clarify for the parties what claims

---

[1] On April 23, 2024 the Court granted L&R Freight leave to intervene in the case. Doc. 59. The Intervenor's complaint contains the same causes of action as Plaintiff's complaint. Doc. 77. On May 31, 2024, Defendants filed a motion for partial dismissal, seeking to dismiss the Intervenor's claim for direct negligence and punitive conduct of Defendant Bray Fast Freight. Doc. 73. At the same time, Defendants filed a Motion for Protective Order and Stay of Discovery from Intervenor L&R Freight, LLC. Doc. 76. The Court will decide that motion after the Intervenor has had a chance to respond to it.

3

are at issue in this case and will help narrow discovery topics. For this reason, the Court also finds good cause to issue a protective order as to Defendant Garland's deposition and stay the deposition pending resolution of the motion to dismiss. Additionally, the Court finds that this limited stay will not significantly prejudice Plaintiff (and nor does Plaintiff argue that any prejudice will result). The parties had nearly six months to conduct discovery before Defendants filed the motion to stay. Thus, as discussed at the scheduling conference, the parties have been able to conduct discovery on topics that are not at issue in the pending motion to dismiss.

Plaintiff argues that Rule 12(b)(6) motions to dismiss for failure to state a claim, if granted, are generally granted with leave for the plaintiff to re-plead the cause of action. Doc. 71 at 3. Thus, he argues that even if the motion to dismiss is granted, he should be allowed to take discovery on the dismissed claim in order to re-plead it. *Id.* Plaintiff may be correct—the Court may grant his motion to amend his complaint if it finds the complaint, in its current form, fails to state a claim. Given the impending July hearing before the presiding judge, however, the Court is not inclined to set discovery parameters based on present assumptions about what the presiding judge may do. Instead, the Court prefers to set such parameters when it has a better indication from the presiding judge about what claims are viable and, consequently, what claims, or potential claims, exist that warrant the expenditure of resources on discovery related to those claims.

Further, Plaintiff fails to identify what further information he would need from discovery to address the motion to dismiss (which is fully briefed) or to amend his complaint (which he has already moved for, adding more facts regarding the negligent hiring, training, and supervision claim). *See Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013) (affirming a stay of discovery pending a motion to dismiss, despite the plaintiff arguing "he needs discovery to

4

allege sufficient facts to state a plausible claim for relief" because "he identifies no facts that are unavailable to him without discovery").[2]

Because the Court stays discovery pending further guidance from the presiding judge, it also denies Plaintiff's motion to compel depositions. Plaintiff's motion asks the Court to compel the depositions of Defendant Garland and a corporate representative for Bray Fast Freight in the next 45 days, but adds no further arguments, merely stating that "there is nothing in the Rules of Civil Procedure that stays discovery when a motion to dismiss is pending." Doc. 64 at 2. Although this is true, for the reasons discussed above, the Court in its broad discretion finds that a limited stay of discovery is appropriate.

## CONCLUSION

For these reasons, the Court GRANTS Defendants' Emergency Expedited Motion for Protective Order and to Stay Discovery Until After Court's Ruling on Motion to Dismiss (Doc. 56). All discovery between Plaintiff and Defendants,[3] including the depositions of Defendant Mitchell Garland and of a corporate representative for Bray Fast Freight, is stayed pending resolution of Defendants' Motion to Dismiss (Doc. 18).[4] The Court will reset case management deadlines upon the resolution of the motion to dismiss. Lastly, the Court DENIES Plaintiff's

---

[2] The Court cites unpublished Tenth Circuit cases for their persuasive value. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

[3] The Court will decide whether to extend this stay to discovery between the Intervenor and Defendants after the Intervenor has had a chance to respond to Defendants' Motion for Protective Order and Stay of Discovery from Intervenor L&R Freight, LLC (Doc. 76).

[4] Although the Court grants Defendants' motion for a stay pending resolution of Defendants' motion to dismiss, after the July 27 hearing, the Court may reevaluate whether the stay should be lifted before the Court issues a written decision on the motion to dismiss.

Opposed Motion to Compel Depositions of Defendant Mitchell L. Garland and a Corporate Representative of Bray Fast Freight, LLC (Doc. 64).

_____
**STEVEN C. YARBROUGH**
**UNITED STATES MAGISTRATE JUDGE**