IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HIPOLITO GARZA JR.,

    Plaintiff

vs.                                                                         Civ. No. 23-761 MLG/SCY

BRAY FAST FREIGHT, LLC,
and MITCHELL L. GARLAND,

    Defendants.

## ORDER GRANTING IN PART AND
## DENYING IN PART MOTION TO COMPEL

Plaintiff Hipolito Garza alleges that Mitchell Garland, while driving a commercial tractor-trailer for Bray Fast Freight, crashed into him as he was also driving a commercial tractor-trailer and stopped for traffic. As a result of the collision, Plaintiff asserts that he suffered damages including for medical care, pain and suffering, lost earnings and earning capacity, loss of enjoyment of life, and emotional distress. Doc. 1 at 10-11. Presently before the Court is Defendant Bray Fast Freight's Motion to Compel Discovery Responses. Doc. 43; *see also* Doc. 45 (response); Doc. 50 (reply).

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Discovery relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (internal quotation and citation omitted).

As an initial matter, after Defendant filed its motion to compel, Plaintiff supplemented his answers and argues that the majority of the issues are now moot. Defendant agrees that the supplementations moot the motion as to Requests for Production Nos. 2, 3, 5, 7, 88, 89, and Interrogatories Nos. 4, 6, 7.[1] Doc. 50 at 1. The Court will thus address the discovery responses that Defendant asserts are still insufficient.

1. **Request for Production No. 1**

Request for Production No. 1 asks Plaintiff to produce an executed original of a Request for Employment Records. Doc. 43-1 at 3. In his response brief, Plaintiff states that he has supplemented his response and produced an executed copy of the requested authorization. Doc. 46 at 1. In reply, however, Defendant argues that the issue is not resolved. It explains that the authorization it sent to Plaintiff encompassed employment records from March 13, 2013 to the present but the executed release that Plaintiff returned encompasses only February 2023 to the

---

[1] In its opening brief, Defendant argues that Plaintiff failed to respond to various requests regarding pharmacy records, including Requests for Production Nos. 4, 8, and 86. Doc. 43 at 2, 8. It is not totally clear, however, which requests it intended to move to compel a further response to because, in the introduction to its motion, it mentions Nos. 4 and 8, *id.* at 2, but in the argument section it mentions only Nos. 4 and 86, *id.* at 8. In his response, Plaintiff alleges that he supplemented his responses to Requests for Production Nos. 4 and 8, without mentioning No. 86. Doc. 46 at 2. In reply, Defendant does not state that the motion is moot as to any of these requests (Nos. 4, 8, 86), but also does not address them at all or argue that the supplementation is incomplete as to these requests. The Court assumes Plaintiff's supplementation rendered any dispute regarding Requests for Production Nos. 4, 8, and 86 moot. This is because Defendant did not address them in its reply, Plaintiff represents that he supplemented his responses to Requests for Production Nos. 4 and 8, and Defendants opening brief grouped Nos. 4 and 86 with Requests for Production that Defendant represents have been resolved. If the Court's assumption regarding Nos. 4, 8, and 86 is incorrect, Defendant may file a renewed motion to compel related to those requests within 14 days of the entry of this Order.

2

present. Doc. 50 at 1. The subject accident occurred in March 2023 and, because Plaintiff is claiming lost earnings and lost earning capacity, Defendant argues that it needs past employment records in order to show what Plaintiff's earning were before the accident and how the accident impacted his wages. Doc. 50 at 2. The Court agrees that Plaintiff's past employment records are relevant to his claim for damages and that Defendant needs his employment records for more than a month prior to the accident in order to evaluate his claim for lost earning capacity. Plaintiff, for his part, offers no explanation as to why he changed the date on the employment release or why Defendant is not entitled to employment records starting ten years before the subject accident. Accordingly, the Court grants the motion to compel as to Request for Production No. 1.

2. **Request for Production No. 19**

Request for Production No. 19 states:

> In support of Plaintiff's damage claim of loss earnings, please produce complete and legible copies of all records citing to Plaintiff's work schedule capacity at the time of the incident at issue in this matter, to include documents and images stored in any format or media, in the possession and control of Plaintiff and his attorneys and agents, that you have not previously produced.

Doc. 43-1 at 8. Plaintiff responded that "[t]his request is vague as [to] the term 'Plaintiff's work schedule capacity' and it cannot be determined with reasonable certainty what specific documents are requested." *Id.* at 9. Without waiving that objection, Plaintiff then stated, "None." *Id.*

In its motion to compel, Defendant does not define what it means by "work schedule capacity," or explain what documents it seeks. Instead, it argues that "Request for Production No. 19 asks Plaintiff to provide Defendant with records that support his claim of lost earnings and earning capacity, to which Plaintiff responded 'none.'" Doc. 50 at 4 (reply brief); *see also*

Doc. 43 at 8 (opening brief, making the same argument); Doc. 43-3 at 3 (Defendant's good faith letter, stating that Request for Production No. 19 "seeks records to support your client's claims for lost earning and earning capacity"). Thus, Defendant argues that Plaintiff should either be ordered to produce proof of his claims of lost earnings and earning capacity or the Court should compel him to withdraw those claims. Doc. 43 at 8. This argument, however, misstates the information that Request for Production No. 19 seeks. It does not generally ask for documents that support Plaintiff's lost earnings and earning capacity claims, but specifically seeks "records citing to Plaintiff's work schedule capacity," a phrase that is unclear and that Defendant never attempted to define for Plaintiff. The Court therefore agrees with Plaintiff that this request is vague and denies the motion to compel as to Request for Production No. 19.

   3. **Request for Production No. 71**

Request for Production No. 71 requests that Plaintiff produce his state and federal income tax returns for the past five years. Doc. 43-1 at 27. Plaintiff objects to this request as an invasion of privacy and has instead produced four years of "Profit or Loss Business Forms," which include "[t]he amount of gross receipts or sales made during the year; [t]he gross amount of income; [t]he total expenses deduced from the gross income; and, [t]he net profit (or loss) for the year." Doc. 46 at 3. He argues that "[w]hether a defendant can compel the production of Plaintiff's income tax returns depends on two considerations: relevancy and if there are less intrusive means of obtaining the same information." Doc. 46 at 3 (citing *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997)).

Defendant, in response, argues that these forms are insufficient to evaluate Plaintiff's lost earnings and earning capacity claims and that Plaintiff heavily redacted the forms, including redacting lines such as wages, employee benefits programs, pension, and profit-sharing plans.

Doc. 50 at 4. Given that Plaintiff redacted his wages from the profit and loss forms, Defendant argues that it needs his tax returns to show how much income Plaintiff actually received from different sources, including showing his capacity to work prior to the accident and after the accident. Doc. 50 at 4-5.

The Court agrees with Defendant that Plaintiff's tax returns are relevant for Defendant to evaluate Plaintiff's claims for lost earnings and earning capacity. *See Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (holding that tax returns "are not generally discoverable" unless "plaintiff's income is directly in issue"); *Alsaadi v. Saulsbury Indus., Inc.*, No. 2:23-CV-291 KG/KRS, 2024 WL 361367, at *2 (D.N.M. Jan. 31, 2024) (collecting cases and holding that "courts in this district have ordered production of tax returns in the possession of the taxpayer when the party's income is at issue"); *Madrid v. Don Kelly Const., Inc.*, No. CIV 12-0451 JB/GBW, 2013 WL 1897826, at *11 (D.N.M. Apr. 24, 2013) ("[The plaintiff] has put his income at issue here, by asserting claims for past and future lost wages and benefits, lost income, and loss of earning capacity . . .; thus, his personal income tax returns are discoverable."). And, the Court agrees with Defendant that Plaintiff's proposed less-intrusive means are insufficient, given that the redacted business forms do not actually show Plaintiff's wages and are limited to a single source of income. *See Saenz v. Rod's Prod. Servs., LLC*, No. 14-CV-0525 RB/GBW, 2015 WL 13665412, at *1 (D.N.M. Mar. 24, 2015) (under the two-prong test, once the requester has shown relevance, "the party opposing production must show the information sought is readily obtainable from other sources"). Accordingly, the Court grants the motion to compel as to Request for Production No. 71.

In granting the motion as to this request for production, the Court also finds that Plaintiff's privacy concerns can be addressed by producing the tax returns as confidential and

subject to a confidentiality order. The parties should confer regarding the entry of a confidentiality order and, if they are not able to reach an agreement, Plaintiff may file an opposed motion for entry of a confidentiality order, along with a motion to stay this discovery response until the confidentiality order issue is resolved. Plaintiff may also redact from his tax returns any protected personal information on the documents unrelated to his income or earnings, such as his and his spouse's social security numbers.

3. **Interrogatory No. 8**

Interrogatory No. 8 asks Plaintiff whether he was "involved in any incident or accident, while in a motor vehicle, while on the job, at home, or otherwise, resulting in injuries or damages to you or your property **before** the subject accident?" Doc. 43-2 at 8-9 (emphasis in original). And if so, Plaintiff is asked to provide a description for each including the date, place, people involved, description of injuries and damages, and information on any compensation received. *Id.* Plaintiff objected to the request as overbroad, irrelevant, and not admissible (as to any insurance benefits) and, without waiving those objections, stated:

> On January 14, 2023, I was driving a tractor-trailer when another tractor-trailer made a right turn, striking my vehicle with its trailer. My neck and back were sore from this crash, so I received medical treatment from Southpoint Injury Clinic and Urgent Care and Ace Pain Management. At the time of this crash, I was not in any pain. I do not recall any other accident prior to this one.

*Id.* at 9. In its motion, Defendant argues that this answer is insufficient as Plaintiff does not provide the place, names of parties involved, or a description of injuries and damages sustained. Doc. 43 at 4. Thereafter, Plaintiff supplemented his response "to provide the state in which the crash occurred and to advise that he has no recollection of the specific city where the crash occurred or the names of the people involved in the crash." Doc. 46 at 5. He also supplemented his response to refer to medical records for descriptions of his injuries. *Id.*

Still unsatisfied with this answer, in its reply Defendant points out that the January 2023 accident occurred only two months before the subject accident and caused Plaintiff to be seen 18 times between January and February 2023 for injuries. Doc. 50 at 2. Thus, Defendant argues that "[i]t is inconceivable that Plaintiff would have no memory of basic information," such as the city where the accident happened or the names of anyone else involved. *Id.* at 2-3. To this point, Defendant argues that "[i]t is reasonable to assume that Plaintiff would have made a claim with his insurance provider which included basic information such as the time, place, and parties involved in the accident." *Id.* at 3. Or, Defendant argues, Plaintiff could consult things such as cell phone records, repair receipts, social medial posting, logbooks for his tractor-trailer, or records of communications with his employer in order to obtain the requested information. *Id.*

The Court agrees with Defendant that, given the recency and apparent severity of the January 2023 accident, Plaintiff likely can gather the requested information following a modest investigation. Indeed, under Federal Rule of Civil 26(g)(1), an attorney must sign the discovery responses, certifying "after a reasonable inquiry" that a disclosure is "complete and correct as of the time it is made." *See also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229 (10th Cir. 2015) ("Trial counsel must exercise some degree of oversight to ensure that [clients] are acting competently, diligently and ethically in order to fulfill their responsibility to the Court with respect to discovery." (internal quotation marks and citation omitted)). Thus, the Court grants the motions to compel as to Interrogatory No. 8. Plaintiff shall fully respond to the question and, after a reasonable inquiry if he has no further information, he may state so and describe what inquiry he made.

7

## CONCLUSION

For these reasons the Court GRANTS IN PART AND DENIES IN PART Defendant Bray Fast Freight, LLC's Motion to Compel Discovery Responses (Doc. 43). Within 30 days of the entry of this Order, Plaintiff shall produce the following discovery responses. The motion to compel is denied as to all other requests.

- Request for Production No. 1: produced an executed copy of the Request for Employment Records (encompassing March 2013 to the present);

- Request for Production No. 71: fully respond by producing the requested income tax returns;[2]

- Interrogatory No. 8: fully respond to the interrogatory and, after a reasonable inquiry if Plaintiff has no further information, he may state so and state what inquiry he made.

Lastly, because the Court grants in part and denies in part the motion, it denies Defendant's request for attorney's fees and costs. *See* Fed. R. Civ. P. 37(a)(5)(C).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff may produce the tax returns as confidential and subject to confidentiality order. The parties should confer regarding the entry of a confidentiality order and, if they are not able to reach an agreement, Plaintiff may file an opposed motion for entry of a confidentiality order, along with a motion to stay this discovery response until the confidentiality order issue is resolved. Plaintiff may also redact from his tax returns any protected personal information on the documents unrelated to his income or earnings, such as his and his spouse's social security numbers.