IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HIPOLITO GARZA JR.,

    Plaintiff,

and

L&R FREIGHT, LLC,

    Intervenor Plaintiff,

vs.                                                                                              Civ. No. 23-761 MLG/SCY

BRAY FAST FREIGHT, LLC,
and MITCHELL L. GARLAND,

    Defendants.

## ORDER DENYING MOTION TO COMPEL

Defendant Bray Fast Freight LLC filed the present motion to compel, seeking to compel Plaintiff to produce various documents which Plaintiff asserts are not in his possession, custody, or control. Doc. 52. Because the Court cannot compel a party to produce documents not in his possession, custody, or control, the Court denies the motion.

## BACKGROUND

Plaintiff Hipolito Garza alleges that Mitchell Garland, while driving a commercial tractor-trailer for Bray Fast Freight, crashed into Plaintiff as Plaintiff was also driving a commercial tractor-trailer and stopped for traffic. At issue in the present motion are Plaintiff's responses to Defendant's February 6, 2024 Third Request for Production. Doc. 52 at 1-2; Doc. 40 (certificate of service). Defendant seeks to compel production of the following documents:

- Request for Production No. 90: Plaintiff's Driver Qualification File.

- Request for Production No. 91: All driver's logs for the week before the accident and all driver's logs since the accident.

- Request for Production No. 95: All driver inspection reports for the vehicle Plaintiff was driving at the time of the accident for the thirty (30) days preceding the accident, including the day of the accident.

- Request for Production No. 96: All pre-trip and post-trip reports for the vehicle Plaintiff was driving at the time of the accident for the thirty (30) days preceding the accident, including the day of the accident.

- Request for Production No. 98: All bills of lading, shipping contracts, waybills, freight bills, invoices, and receipts related to the materials being transported at the time of the incident.

- Request for Production No. 99: All fuel receipts for the trip in progress at the time of the accident.

Doc. 52 at 2-3.

On March 7, 2024, Plaintiff served objections to these requests, contending they were overly broad, not properly limited in time or scope, and irrelevant. *Id.* Plaintiff also answered: "Subject to and without waiving said objections, none in Plaintiff's possession." Doc. 52-1 at 3, 5, 6. On March 22, Defendant sent Plaintiff a meet-and-confer letter outlining the history of Defendant's efforts to obtain these documents:

> On August 22, 2023, I sent you a letter stating that I had spoken to L&R Freight and was informed that they are in possession of these document[s]. (Letter dated August 22, 2023, attached hereto) Per my letter, I requested that Plaintiff request these documents from L&R Freight, and then Defendant would request the documents from Plaintiff. On August 24, 2023, you responded to my letter via email stating that you would obtain and produce the trucking documents for Plaintiff. (Email dated August 24, 2023, attached hereto). Per our agreement, please obtain the documents requested in Requests for Production Nos. 90, 91, 95, 96, 98, and 99 from L&R Freight and supplement Plaintiff's responses.

Doc. 52-2 at 1.

The parties also attach the previous correspondence referenced in this meet-and-confer letter. More precisely, Defendant's August 22, 2023 letter proposed:

> L&R Freight has your client's DQ file, the bill of lading, and logbooks that could be forwarded to counsel. I have asked L&R Freight to preserve these documents but not forward to me until I have conferred with you. My suggestion is that we

2

> have L&R Freight produce the DQ file and logbooks to you and I with personal
> information such as Social Security Numbers redacted.

Doc. 60-1 at 2.

> In response on August 24, Plaintiff stated:
>
> I'm agreeable to your plan regarding obtaining and producing my client's DQ file,
> bill of lading, and logbooks. Please advise if you need me to take any action in
> assisting obtaining these documents. If still needed, do you have any time for a
> call tomorrow? Please let me know what time works best for you.

Doc. 52-3. There is no indication in the record whether the requested phone call took place. There is no indication whether further discussions took place on this topic between August 2023 and February 2024. Defendant states only that Plaintiff did not respond to Defendant's March 2024 meet-and-confer letter. Doc. 52 at 2.

## DISCUSSION

### I. Untimeliness

Plaintiff argues that Defendant's motion to compel is untimely. The Local Rules require a party serving discovery to file a motion to compel within 21 days of service of the objection "unless the response specifies that documents will be produced or inspection allowed." D.N.M.LR-Civ. 26.6. Under this rule, the time to file a motion to compel expired on March 28, 2024 and Defendant did not file the present motion until April 17. Doc. 60 at 3. The Court does not reach this issue. Untimeliness is not dispositive as the Court denies the motion to compel on the merits.

### II. Possession, Custody or Control

Defendant moves to compel production, arguing that the requests are relevant to Plaintiff's claims and potential defenses. Doc. 52 at 3-6. In response, Plaintiff represents that he does not have possession, custody, or control of any of the documents that Defendant is seeking. He explains that, at the time of the accident, he was driving a tractor-trailer owned by Plaintiff-

3

Intervenor L&R Freight, LLC. Doc. 60 at 1. Plaintiff argues that these discovery requests are better directed at L&R Freight. *Id.* at 2. He argues that, as the motor carrier, L&R Freight is the entity responsible for maintaining the driver qualification file, any bills of lading, expense and fuel receipts, and logbooks. *Id.* (citing 49 C.F.R §§ 391.51, 395.11(c), 395.8(k)). As a driver, Plaintiff does not have an independent duty to maintain these records. *Id.* Plaintiff explains that after the August 2023 correspondence concerning these documents, counsel for Plaintiff did reach out to L&R Freight "and was unsuccessful in securing its cooperation." Doc. 60 at 4-5.

"[A] party may not be compelled to produce papers or things which are not in his possession, custody, or control . . . ." *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970) (internal quotation marks omitted). "Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand." *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516-17 (D. Kan. 2007) (internal quotation marks omitted). A party may have possession, custody, or control if he has retained any right or ability to influence the person possessing them, if he has the practical ability to obtain the documents from another, or when the records can be obtained easily from a third-party source. *Id.* at 517.

Pursuant to this standard, Plaintiff states that he does not have any responsive documents, and that he failed to obtain them in response to a request directed at the entity who may have them. Plaintiff states that he does not have the ability to order his former employer to give him the documents. Doc. 60 at 6-7. It appears that—by asking and being refused—Plaintiff has demonstrated that the documents are not easily or practically obtainable for him.

Defendant's attempts to refute this showing are unconvincing. In its motion and reply, Defendant largely focuses on relevancy arguments. With respect to the contention that Plaintiff

4

does not have these documents, Defendant argues two things: (1) Plaintiff promised to produce them; and (2) Plaintiff and L&R Freight are represented by the same counsel. Doc. 52 at 7; Doc. 69 at 3-4.

First, the Court agrees with Plaintiff that the August 24, 2023 letter is not a promise to produce that which Plaintiff does not have. As set forth above, Defendant's counsel proposed a plan suggesting: "*we* have L&R Freight produce the DQ file and logbooks to you *and I*." Doc. 60-1 at 1 (emphasis added). In other words, it was ambiguous who was responsible for making the request to L&R Freight. Plaintiff's counsel agreed to "your plan" and expressed that further information was necessary if Defendant believed that action was required on Plaintiff's counsel's part. Doc. 52-2. Defendant does not state whether further communications occurred. At best, it was an agreement for someone to simply ask L&R Freight for the documents, which Plaintiff's counsel did. Defendant cites nothing to refute this.

Second, representation by the same counsel does not necessarily mean that discovery requests directed to one party can demand documents in the possession, custody, and control of another party. True, "a client has the right to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client." *Bhasker v. Kemper Cas. Ins. Co.*, 361 F. Supp. 3d 1045, 1118 (D.N.M. 2019). But Defendant does not show that Plaintiff's counsel obtained these documents—let alone that Plaintiff's counsel obtained these documents pursuant to her representation *of Plaintiff*. And, even if she had them, counsel obtaining the documents pursuant to her representation for a different client does not necessarily transfer them into *Plaintiff's* possession.

Although the Court cannot compel Plaintiff to produce what he does not possess (even if Plaintiff's attorney also represents the entity that may possess the documents), the Court notes

5

that L&R Freight is now also a Plaintiff in this case. Thus, Defendant should be able to obtain the documents it seeks through discovery it can propound on L&R Freight.

In sum, Plaintiff states he does not have these documents. Defendant makes no attempt to refute this fact. The Court cannot compel a party to produce documents he does not have.

## CONCLUSION

Defendant Bray Fast Freight, LLC's Motion To Compel Discovery Responses (Doc. 52) is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE